2011 ME 37

**STATE of Maine**

v.

**Damond TEACHOUT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 27, 2011.
Decided: March 22, 2011.

---

Robert C. Andrews, Esq., Portland, ME, for Damond Teachout.

Stephanie Anderson, District Attorney, William J. Barry, Asst. Dist. Atty., Prosecutorial District No. Two, Portland, ME, for the State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Damond Teachout appeals a conviction entered in the Unified Criminal Docket (Cumberland County, *Moskowitz, J.*) of operating under the influence (OUI) with two prior convictions (Class C), 29–A M.R.S. § 2411(1–A)(A), (C)(3) (2010), following a jury verdict. Teachout appeals the denial of his motion to dismiss the indictment and the denial of his motion to suppress statements he made to police before he was arrested. We affirm the judgment but discuss only the appeal of the denial of his motion to dismiss the indictment.

## I.  FACTUAL AND PROCEDURAL HISTORY

[¶ 2] Teachout was arrested in October 2009 for OUI in Gorham. He had two prior OUI convictions within the past ten years: one in 2001 in Florida, and one in 2007 in Maine. However, Teachout was originally charged as a result of the 2009 incident with a misdemeanor OUI (Class D), 29–A M.R.S. § 2411(1–A)(A), (C)(2) (2010), based on the 2007 prior conviction only. At the dispositional conference held pursuant to U.C.D.R.P.-Cumberland County 18[1] on the 2009 OUI misdemeanor

1. The version of U.C.D.R.P.-Cumberland County 18 that was in effect at the time of the dispositional conference in January 2010 stated in part:

   (a) **Appearance required.** The defendant and defendant's counsel, if any, shall appear at the dispositional conference. The state shall be represented at the dispositional conference by an attorney who has full authority to make decisions regarding disposition of, and sentencing recommendations regarding, the charges against the defendant.

   (b) **Participation.** The justice or judge shall have broad discretion in the conduct of the dispositional conference. Counsel and unrepresented defendants must be prepared to engage in meaningful discussion regarding all aspects of the case with a view toward reaching an appropriate resolution. The justice or judge may participate in such discussions and may facilitate a plea agree-

charge, the judge indicated that if the State were to proceed on the misdemeanor charge on an open plea, Teachout would likely receive a sentence of twelve days of incarceration. Teachout asserts he was prepared to plead guilty and serve that sentence. However, the State's plea offer included thirty days of incarceration, and the parties were not able to reach a plea agreement.

[¶ 3] The State dismissed the misdemeanor complaint at the dispositional conference and one month later filed the felony indictment on which Teachout was convicted. The indictment charged two counts: OUI, with two prior convictions (Class C), 29–A M.R.S. § 2411(1–A)(A), (C)(3); and leaving the scene of an accident (Class E), 29–A M.R.S. § 2254 (2010). Teachout moved to dismiss the indictment, arguing that pursuant to the United States and Maine Constitutions, (1) his right to a speedy trial was violated by the delay that followed the dismissal of the misdemeanor complaint, and (2) the State engaged in judge-shopping when it dismissed the misdemeanor complaint and prosecuted the OUI as a felony. The court (Cole, J.) denied Teachout's motion to dismiss the indictment. The jury returned a verdict of guilty on the OUI charge and not guilty on the charge of leaving the scene of an accident. Teach-out was convicted and sentenced to a term of three years of imprisonment with all but six months suspended, two years of probation, a six-year license suspension following incarceration, and a fine of $1400.

## II. DISCUSSION

[¶ 4] We review for abuse of discretion a court's judgment on a motion to dismiss a charge for failure to provide a speedy trial. *State v. Christen*, 2009 ME 78, ¶ 14, 976 A.2d 980, 985. Teachout does not argue that his trial was delayed by the undue passage of time. Rather, he argues that the State lacked the authority to dismiss the misdemeanor at the dispositional conference and subsequently prosecute the charge as a felony, and therefore any delay after the dismissal of the misdemeanor violated his rights. Because he does not and could not in good faith contend that there was any undue passage of time that elapsed at any point in this case, there is no need to discuss further whether he received a speedy trial.

[¶ 5] The court did not abuse its discretion in determining that the State had the authority to dismiss the misdemeanor complaint without prejudice and prosecute the felony. *See* 30–A M.R.S. § 284(2) (2010);[2]

ment by suggesting or addressing a specific aspect of the matters under consideration.

(c) **Content of discussions inadmissible.** Evidence of conduct or statements made during the dispositional conference is not admissible for any purpose.

(d) **Agreement; Plea.** If the parties reach a plea agreement, the court shall take the plea in open court or schedule the plea for a later time.

(e) **No agreement; subsequent proceedings.** If the parties fail to reach a plea agreement, the matter shall be set for jury trial.

*See* Establishment of the Cumberland County Unified Criminal Docket, Me. Admin. Order JB–08–2 (effective Jan. 1, 2009). Subsection (e) of U.C.D.R.P.-Cumberland County 18 has since been amended to add provisions for jury-waived trials and civil violations. Establishment of the Cumberland County Unified Criminal Docket, Me. Admin. Order JB–08–2 (as amended by A. 2–10) (effective March 1, 2010). That amendment does not affect this appeal.

2. Title 30–A M.R.S. § 284(2) (2010) states: "The district attorney may dismiss criminal cases in such manner and under such circumstances as the Supreme Judicial Court may provide by rule."

U.C.D.R.P.-Cumberland County 48(a).[3] Rule 18 of the Unified Criminal Docket Rules of Procedure–Cumberland County does not constrain or otherwise affect the State's authority to dismiss cases pursuant to 30–A M.R.S. § 284(2) and U.C.D.R.P.-Cumberland County 48(a). Rather, Rule 18(b) provides that at a dispositional conference the court may facilitate a plea agreement. If the parties reach an agreement, then the court either takes the plea in open court or schedules it for a later time. U.C.D.R.P.-Cumberland County 18(d). If the parties do not reach an agreement, then the court sets the case for trial. U.C.D.R.P.-Cumberland County 18(e). Teachout and the State did not reach a negotiated plea. Therefore the State was entitled to dismiss the misdemeanor and charge the felony pursuant to 30–A M.R.S. § 284(2) and U.C.D.R.P.-Cumberland County 48(a).

[¶ 6] Teachout's claim that the court erred in denying his motion to suppress does not merit discussion.

The entry is:

Judgment affirmed.

---

**3.** Unified Criminal Docket Rule of Procedure–Cumberland County 48(a) states:

> The attorney for the state may file a written dismissal of an indictment, information or complaint or any count of an indictment, information or complaint, setting forth the reasons for the dismissal and the prosecution relating to that dismissal shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

Unified Criminal Docket Rule of Procedure–Cumberland County 48(a) is identical to M.R.Crim. P. 48(a). Maine Rule of Criminal Procedure 48(a) was amended in 1980 "to reflect the policy judgment that dismissal, as well as initiation, of prosecution is a matter within prosecutorial discretion and should not require court approval." M.R.Crim. P. 48 *Advisory Committee's Note to 1980 amend.*